UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | 3:09-md-02100-DRH-PMF<br><br>MDL No. 2100 |

**This Document Relates To:**

| | |
|---|---|
| *Latrece Harris v. Bayer Corporation, et al.* | No. 3:16-yz-00120-DRH-PMF |

## ORDER

### INTRODUCTION

This matter is before the Court on Bayer's Motion to Dismiss With Prejudice for failure to comply with Section III of CMO 79 (Doc. 15). For the reasons stated herein, the motion is **GRANTED**.

### BACKGROUND

Case Management Order Number 79 ("CMO 79"), docketed on August 3, 2015, is the Non-ATE Case Resolution Order (MDL 2100 Doc. 3789). CMO 79 applies to cases, pending as of August 3, 2015, that were not eligible to participate in the ATE settlement. CMO 79 creates two separate tracks for cases subject to its provisions: (1) settlement negotiations on a fixed schedule under Section II of the CMO for venous thromboembolism ("VTE") cases in which *both* parties agree that further negotiations would be productive, and (2) retention and discovery obligations under Section III of the CMO for all other cases, i.e., VTE cases in

which there is not an agreement that further negotiations would be productive and cases alleging injuries other than a VTE or an ATE.

Under Section II of CMO 79, any plaintiff "who believes additional efforts to settle a particular VTE case may be productive" had 60 days to notify Bayer, after which Bayer had 30 days "to respond with its view about whether additional settlement efforts would be productive." CMO 79 ¶ II.2. Section II's further requirements regarding negotiations apply only in a "case in which the parties both agree that additional settlement efforts would be productive." *Id.* ¶ II.3.

If the parties are not in agreement, then the case is subject to the requirements of Section III of CMO 79. Pursuant to Section III.2 of CMO 79, Bayer had 50 days to identify cases it believed were subject to the requirements of Section III of the CMO. Section III.2 also instructed any plaintiffs who believe they should not have to comply with Section III to meet and confer with defendants and, if unable to reach an agreement, submit disputes to the Special Master within 21 days. Sections III.3 and III.4 of CMO 79 then gave plaintiffs 120 days from the date of the order—i.e., until December 1, 2015—to comply with certain substantive requirements, such as sending preservation notices and producing certain documents and limited expert reports. Section III.5 of CMO 79 provides that plaintiffs who do not comply with their obligations under Section III of the CMO will be subject to a motion to dismiss with prejudice.

The above captioned action was filed on February 3, 2016, alleging various Non-ATE injuries. Accordingly, plaintiff's action was not immediately subject to

the requirements of CMO 79. On February 23, 2016, Bayer filed a motion asking the Court to direct the plaintiff to comply with the requirements of CMO 79 (Doc. 11). After plaintiff failed to respond, the Court granted the motion on March 17, 2016 (Doc. 12). Pursuant to that order, the plaintiff had until May 17, 2016 to comply with her obligations under CMO 79 (Doc. 12). Additionally, the Court warned the plaintiff that failure to timely comply would subject her action to a motion to dismiss with prejudice (Doc. 12).

On May 25, 2016, Bayer filed the subject motion to dismiss with prejudice for failure to comply with CMO 79 (Doc. 15). The plaintiff responded in opposition (Doc. 16) and Bayer replied (Doc. 17).

## DISCUSSION

Plaintiff's counsel, Constance M. Dukes, acknowledges her non-compliance with the requirements of CMO 79. However, plaintiff's counsel contends that dismissal should be denied because her lack of compliance was due to extenuating circumstances. Specifically, counsel states as follows: (1) she was traveling in Japan from March 31, 2016, through April 17, 2016, for a family matter; (2) upon counsel's return to work on April 17, 2016, the two partners who were allegedly responsible for all cases within the firm resigned from the law firm and took one additional associate attorney as well as all of the assistants without notice; (3) the partners did not enter an agreement with respect to which cases they would solicit for their new firm until April 27, 2016; and (4) counsel

3

did not know until April 27, 2016, that she would be responsible for the above captioned action.

The information contained in the plaintiff's responsive pleading does not present the Court with any ground for denying the pending motion to dismiss. The fact that plaintiff's attorney was out of town for 17 days in early April certainly does not excuse the lack of compliance. Moreover, the Court notes that attorney Dukes has been the only attorney of record for the plaintiff since the case was opened in February 2016 (Ms. Dukes filed the complaint on behalf of the plaintiff). Thus, regardless of the disruption at Ms. Duke's law firm, it is difficult to understand how Ms. Dukes could not know that she was responsible for this action. Additionally, according to the responsive pleading, Ms. Dukes learned on April 27, 2016 that she remained responsible for this action. Ms. Dukes should have requested an extension, explaining the extenuating circumstances, at that time (after all, the plaintiff had until May 17, 2016 to comply with CMO 79). Instead, she chose to ignore this Court's order and took no action until Bayer filed the present motion to dismiss.

Accordingly, the Court **GRANTS** the motion to dismiss with prejudice. This

matter is dismissed with prejudice. Further, the Court **DIRECTS** the Clerk to enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 15th day of July, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.07.15 13:47:28 -05'00'

**United States District Judge**

5